VIOLET A. McLAUGHRY, an Infant, by WALTER SCOTT, her Guardian ad Litem, Respondent, v. WILLIAM C. PORTER and Others, Appellants, Impleaded with Others.

*Personal injuries — wrongful removal under a warrant of dispossession — charge of the court as to the sheriff's right to summon a posse.*

Upon the trial of an action brought to recover damages for personal injuries, sustained by the alleged wrongful removal of the plaintiff from a certain house upon the execution by a deputy sheriff and his assistants of a warrant of dispossession, issued by a justice of the peace upon the petition of one of the defendants, the defendants gave evidence tending to show that the assistants were in good faith summoned to aid the officer, and were all necessary for the proper removal of a large amount of personal property, such as lumber and hay, which were upon the premises.

The court charged the jury, among other things, as follows: "If he (the officer) went there with a posse selected by himself, not for the purpose of overcoming any resistance which he apprehended, or which was present, or which was determined to be present, then, gentlemen, he was there without lawful authority with his assistants, and he and his assistants, every one of them, became trespassers from the beginning, and cannot be protected in the proceedings which were enacted and which followed."

*Held,* that it was error to so charge, as a matter of law; that the defendants were entitled to have the jury determine as to whether the assistants were present in good faith, and the court had no right to withdraw such question from its consideration.

APPEAL by the defendants, William C. Porter and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 29th day of September, 1893, upon the verdict of a jury rendered after a trial at the Delaware Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on

the 12th day of October, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Edward O'Connor* and *F. R. Gilbert,* for the appellants.

*Walter Scott,* for the respondent.

MERWIN, J.:

The exceptions only are before us upon this appeal. The action is brought to recover damages for personal injuries sustained, as the plaintiff claims, by her wrongful removal from the house occupied by her parents, upon the execution by the defendant Porter, a deputy sheriff, and his assistants, of a warrant of dispossession issued by a justice of the peace, upon the petition of the defendant McDonald after a foreclosure by advertisement of a mortgage made by the father of plaintiff, David H. McLaughry, who was then the owner of the premises. The plaintiff claims that she was at the time of her removal sick, and in substance, that the officer and those who assisted him were guilty of an abuse of the process in that they used unnecessary and unreasonable force in her removal, and that the assistants, or posse, which the officer had there were not summoned in good faith or for any legitimate purpose, but for the purpose of intimidation and violence. It is not alleged in the complaint that defendant McDonald was personally engaged in the removal, but it is alleged that the wrongful acts of the other defendants were done by and through his aid, advice, procurement and instigation. It appears that after the removal, and before the commencement of this action, the final order of the justice of the peace under which the defendants acted was, on appeal to the County Court, reversed. The court, however, charged that the officer and those who acted under him were protected unless there was an abuse of the process.

At the close of the evidence the counsel for the defendant McDonald moved that as to him the complaint be dismissed on the ground that sufficient facts had not been proven to establish a cause of action against him. This motion was denied and exception taken. The plaintiff claimed that there was sufficient evidence to make a question for the jury to say whether or not McDonald aided and abetted the other defendants in their improper conduct. There is

evidence tending to show that McDonald was there on the premises
and near the house and in consultation with the officer and with the
two physicians that were there at his, McDonald's, request, and took
an active part in the removal; that the attorney, who represented
him before the justice in obtaining the warrant, was present and
took an active part in the matter; that his, McDonald's, orders were
to put the plaintiff into the road; that he afterwards furnished to
the officer the money with which he paid his assistants and the
physicians. We are inclined to the opinion that the question as to
McDonald's participation in the matter was for the jury, and that
the motion to dismiss as to him was properly denied.

The counsel for the defendant McDonald asked the court to
charge "that if the jury find that the only connection defendant
McDonald had with the eviction of this plaintiff was the presenting
of the petition and commencing of the summary proceedings before
the magistrate he is not liable in this action." This was properly
refused, for the reason that, on the undisputed evidence, McDonald
was in fact connected with the eviction beyond what was stated in
the request.

In the charge of the court there occurs the following: "If he
(the officer) went there with a posse selected by himself, not for the
purpose of• overcoming any resistance which he apprehended, or
which was present, or which was determined to be present, then,
gentlemen, he was there without lawful authority with his assist-
ants, and he and his assistants, every one of them, became tres-
passers from the beginning and cannot be protected in the proceed-
ings which were enacted and which followed." Exception was duly
taken. The charge, in effect, was that the officer had no right to
take there the assistants which he did unless he apprehended resist-
ance, and that if he took them there for any other purpose they
were all trespassers. It was error to charge this as matter of law,
inasmuch as the defendants claimed, and gave evidence tending to
show, that the assistants were in good faith summoned to aid in,
and were all necessary for the proper removal of, a large amount of
personal property, such as lumber and hay, which the McLaughrys
had on the premises. This aspect of the case the defendants were
entitled to have the jury consider, and the court had no right to
withdraw it from its consideration. It may be claimed that tak-

ing the charge as a whole the error was cured. In this view we have examined the charge and are of the opinion that the error was not cured, although the attention of the court was expressly called to it by the exception taken at the close. The jury was liable to have been misled, and we cannot say that it was not. The evidence was very conflicting and the case was a peculiar one. We think that the exception was a good one, and that it inures to the benefit of McDonald as well as to the other appellants. Under the allegations of the complaint McDonald is only liable on the basis that the officer and his assistants improperly did their duty and committed a wrong on the plaintiff.

It follows that, by reason of the error suggested, a new trial must be granted.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, costs to abide the event.