Dierck Schomacker, Appellant, v. Sophia Michaels,
Respondent.

1. Real Property — Easements of Light, Air and Access in Pub-
lic Streets — When Claims for Damages Thereto May Be Reserved
by Owner Parting with Title to Lands. Easements in the public
streets of light, air and access cannot be severed from the title to the
adjacent property to which they are appurtenant, and a grantor cannot,
on parting with the lands, reserve to himself those easements; but he may,
however, reserve the damages that his grantee may collect for the inva-
sion of these easements, and as to such damages the grantee becomes a
trustee for the grantor.

2. Lis Pendens — Action to Enforce Covenant of Grantee to
Permit Grantor to Recover and Collect the Fee and Rental
Damages Caused by Elevated Railroad to Property Conveyed —
When Notice of Pendency of Such Action Cannot Be Canceled.
Where premises, abutting upon a public street in which elevated railroad
structures had been erected, were conveyed by a deed in which the
grantor reserved his claim for the fee and rental damages caused by the
construction of the railroads, the grantee covenanting for herself and her
successors in title, to allow the grantor to prosecute actions, in her name
or otherwise, for such damages, and, also, upon a settlement of any such
action, to execute at the demand of the grantor any conveyance necessary to
release to the railroad companies her rights in and to such damages and
the easements affected by the railroad structures, an action brought by
such grantor to compel a subsequent grantee of such premises, holding
title under mesne conveyances from the first grantee, to execute a
release in conformity with the covenants made by the first grantee, is an
action brought to recover a judgment affecting the title to, or the posses-
sion, use, or enjoyment of real property, within section 1670 of the Code
of Civil Procedure, so that the plaintiff was entitled to file notice of the
pendency of the action. The Supreme Court has no power, therefore,
upon the facts, to cancel the notice of the pendency of the action, and
hence an order of the Appellate Division reversing an order of the
Special Term, which denied a motion to vacate and cancel such *lis pen-
dens*, is erroneous and must be reversed.

Schomacker v. Michaels, 117 App. Div. 125, reversed.

(Argued May 21, 1907; decided June 4, 1907.)

Appeal, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-

ment, entered January 25, 1907, which reversed an order of Special Term denying a motion to cancel a *lis pendens* and granted said motion.

The facts, so far as material, and the questions certified are stated in the opinion.

*L. M. Berkeley* for appellant. This action, being brought to enforce a vendor's lien, is within section 1670 of the Code of Civil Procedure. (*W. U. T. Co.* v. *Shepard*, 169 N. Y. 180; *Mc Whorter* v. *Stewart*, 39 App. Div. 214; *Hubbell* v. *Hendrickson*, 175 N. Y. 175; *Chase* v. *Peck*, 21 N. Y. 581; *Walrath* v. *Abbott*, 75 Hun, 455; *Bach* v. *Kidansky*, 186 N. Y. 368; *Freund* v. *Biel*, 114 App. Div. 403.) The action, being brought for specific performance, is within section 1670 of the Code of Civil Procedure. (*Lahr* v. *M. E. R. Co.*, 104 N. Y. 288; *Post* v. *W. S. R. R. Co.*, 123 N. Y. 580; *White* v. *M. R. Co.*, 139 N. Y. 19; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Hallenbeck* v. *Kindred*, 109 N. Y. 620; *Schley* v. *Fryer*, 100 N. Y. 71; *Fairchild* v. *Lynch*, 99 N. Y. 365; *Bowen* v. *Beck*, 94 N. Y. 86; *Hartley* v. *Harrison*, 24 N. Y. 171; *Werner* v. *Jackson*, 115 App. Div. 176.) The action, being brought to enforce a trust obligation to convey real property, is within section 1670 of the Code of Civil Procedure. (Chaplin on Trusts, 259, 260; 3 Pom. Eq. Juris. [3d ed.] §§ 1043, 1058; 2 Perry on Trusts [5th ed.], § 816.) The court below had no power to cancel the *lis pendens*. (*Lahr* v. *M. E. R. Co.*, 104 N. Y. 288; *Mills* v. *Bliss*, 55 N. Y. 139; *Beman* v. *Todd*, 124 N. Y. 116.)

*Abraham A. Silberberg* for respondent. The plaintiff in this action has not now any right to any equitable or other lien in the freehold estate, and the real property as described in the complaint, and is not entitled to maintain a *lis pendens* against defendant's property. (Code Civ. Pro. § 1670; *Pegram* v. *N. Y. E R. R. Co.*, 147 N. Y. 165; *McKenna* v. *B. U. E. R. R. Co.*, 184 N. Y. 391; *W. U. T. Co.* v. *Shepard*, 169 N. Y. 170; *Mooney* v. *N. Y. E. R. R. Co.*,

13 App. Div. 280·; *Foote* v. *M. E. R. R. Co.*, 147 N. Y. 367.) The cause of action alleged in the complaint is not one affecting the title to, or the possession, use or enjoyment of real property. (*McKenna* v. *B. U. E. R. R. Co.*, 184 N. Y. 391; *Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 135; *Hutton* v. *M. E. R. R. Co.*, 19 App. Div. 243; *Wilmurt* v. *McGrane*, 16 App. Div. 412; *Horsa* v. *Reid*, 45 N. Y. 415.)

CULLEN, Ch. J.   Prior to May 19th, 1904, the plaintiff was the owner in fee simple of a plot of land with the building thereon fronting on Park, or Fourth, avenue, in the city of New York, upon which avenue there had been erected an elevated railroad structure and then in use by the New York Central and N. Y. & Harlem railroad companies.   The plaintiff had brought an action against the railroad companies for the fee and rental damages resulting from the construction of the railroad.   Pending the suit and on May 10, 1904, he sold and conveyed the property to Belle A. Quay, reserving by the deed his claim for damages, both rental and fee, against the companies.   The grantee covenanted to allow the plaintiff to prosecute suits in her name for the recovery of such damages and to execute any conveyances that might be presented to her by the plaintiff and be necessary to release her rights to the companies upon the settlement of any suit.   She further covenanted to insert a similar covenant on the part of her grantee in any conveyance she might make of the premises. By various mesne conveyances the title vested in the defendant in this action.   The complaint alleges these facts : That the plaintiff has reached an agreement with the railroad companies to settle his claim for $3,600; that he has demanded of the defendant the execution of a release of the easements in the property to the companies, and that she has refused to execute the same.   The demand of the complaint is that the defendant execute such release, or in default of her doing so, the referee execute it in her behalf and in her name; or, if neither of such prayers are granted, then that the plaintiff be declared to have a lien on the property for $3,600, the

amount at which he has agreed to settle the damages, and that the premises be sold to satisfy such lien.

Before the enactment of any statutory regulations on the subject, the mere pendency of a suit in equity affecting the title to real property was notice to all the world, and thus the rights of *bona fide* purchasers might . be injuriously affected without fault on their part. That rule has long since been changed in this state, and in order to conclude by the judgment parties subsequently acquiring an interest in the property it is necessary to file a notice of the pendency of the action. The practice is regulated by section 1670 of the Code of Civil Procedure, which enacts that "In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property, if the complaint is verified the plaintiff may, when he files his complaint, or at any time afterwards before final judgment, file, in the clerk's office of each county where the property is situated, a notice of the pendency of the action," etc. By section 1671 the pendency of an action is constructive notice to subsequent incumbrancers and purchasers only when the notice prescribed in the last section has been properly filed. By section 1674 authority is given the court to cancel the notice when the action is settled, discontinued or abated, or when final judgment is rendered against the party filing the same, or when the party unreasonably neglects to proceed in the action. No express authority is given to cancel the notice because the action is not one in which it may properly be filed. But we shall assume such power is vested in the court. The question, therefore, presented is whether the present action is brought to recover a judgment affecting the title to real property, and we do not see how there can be any doubt on the subject. The relief demanded is that the defendant execute a release to the railroad companies of the easements in Fourth avenue, which, until she releases them, are appurtenant to her premises. The defendant has now easements of light, air and access upon which the railroad companies are trespassing. These by law are appurtenant to her land. If the plaintiff is

successful in the suit and compels her to release those ease-
ments to the railroad companies, it is very plain that the
defendant's title will be different from that which she now
holds.

It would appear from the opinion of the learned court
below that the real ground on which the motion was granted
was that the plaintiff could not successfully maintain the action.
This, however, is not a proper ground for canceling the
notice. (*Mills* v. *Bliss*, 55 N. Y. 139.) The question
whether an action affects the title to property is an entirely
different one from whether the plaintiff can succeed in the
action. Moreover, it is by no means clear that the plaintiff
must fail. It is undoubtedly the law, as held by this court,
that the easements in the public streets of light, air and access
cannot be severed from the title to the adjacent property to
which these easements are appurtenant, though they may be
released to the parties trespassing thereon. (*Pappenheim* v.
*Metr. El. R. Co.*, 128 N. Y. 436 ; *Kernochan* v. *N. Y.
El. R. R. Co.*, Id. 559 ; *Foote* v. *Metr. El. R. Co.*, 147 id.
367.) Therefore, a grantor cannot on parting with the lands
reserve to himself those easements. He may, however,
reserve the damages that his grantee may collect for the inva-
sion of these easements, and as to such damages the grantee
becomes a trustee for the grantor. ( *Western Union Tel. Co.*
v. *Shepard*, 169 N. Y. 170.) We held in the case of
*McKenna* v. *Brooklyn Un. El. R. R. Co.* (184 N. Y. 391)
that the grantor could not maintain an action against the rail-
road company even after reservation of the damages, unless
the settlement between the railroad company and the grantee
was made fraudulently and in bad faith. This action, how-
ever, is not against the railroad companies. It is entirely
probable that they might have ignored the plaintiff and settled
with the present holder of the title. The companies, however,
saw fit to pursue a different course ; they have negotiated with
the plaintiff and reached an agreement with him. The plaintiff
will be able to carry out that agreement if his grantees comply
with their covenant with him and execute the necessary releases.

**5**

66   People ex rel. O'Reilly *v.* Common Council.   [June,

Statement of case.   [Vol. 189.

In other words, while the plaintiff's lien is only on the fund that results from the release of the easements to the companies, such release is a condition precedent to the fund being brought into existence; his grantees covenanted to execute the release in order that the fund might be produced, and the only object of this action is to compel compliance with that covenant. We shall not pursue the discussion further, for we do not intend to decide the questions involved in the case. It is sufficient to say that the plaintiff's contention is plausible, not destitute of merit, and that it ought to be decided after trial and not be disposed of summarily on an interlocutory application.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in both courts, and the first question: " Was this action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property, within section 1670 of the Code of Civil Procedure, so that the plaintiff was entitled to file a notice of the pendency of the action ?" answered in the affirmative, and the second question: " Had the court power, upon the facts, to cancel the notice of the pendency of the action ?" answered in the negative.

O'Brien, Edward T. Bartlett, Haight, Vann, Hiscock and Chase, JJ., concur.

Ordered accordingly.