KING, Respondent, v. STREETER, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Action by Rufus King against William E. Streeter. No opinion. Judgment of the Municipal Court affirmed, with costs.

KINNEY v. QUICK TRANSIT REALTY CO. (Supreme Court, Appellate Term. June, 27, 1907.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Thomas W. Kinney against the Quick Transit Realty Company for commissions alleged to have been earned in the sale of real estate. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. Wilmot L. Morehouse, for appellant. Eugene L. Richards, for respondent.

GILDERSLEEVE, P. J. The defendant owned lots at South Richmond Hill, Queens county, which it was engaged in selling through agents. The plaintiff was engaged, and promised a commission of 10 per cent. on all sales made by him directly and 5 per cent. on all lots sold to persons whose names had been furnished to the defendant by plaintiff as prospective buyers. Many of the lots were sold upon the monthly payment plan, and as to those the plaintiff was to be paid at the end of each month one-half of the amount of the installments paid by the purchasers until the whole amount due him for commissions was paid. He claimed that during the month of October, 1906, the defendant had received from purchasers on the installment plan the sum of $253 in payments, of which the plaintiff claimed to be entitled to one-half, and for which he obtained a judgment. To support the plaintiff's contention he offered in evidence a written statement containing a list of purchasers, the amount of payments made in October, 1906, and the amount claimed by the plaintiff based on the payments made by the purchasers. This statement was admitted as evidence without objection, and plaintiff testified that he made the sales to the persons and for the prices named in said list; and the defendant's bookkeeper was placed on the stand, and testified that the books of the defendant showed that for the month of October plaintiff and his subagent "appeared" to be entitled to the sum of $253, and no objection was made to this testimony. The defendant claimed that other agents in defendant's employ made a large portion of the sales to the parties to whom plaintiff claims to have sold lots, and one witness did testify that he made several of the sales which plaintiff claimed he made, and this testimony was not directly disputed by plaintiff. The testimony is confusing, and not at all clear or convincing, and is founded largely upon improper and incompetent evidence, most of which is admitted without objection. Near the close of the trial the defendant's bookkeeper was again called to the stand, and without objection was permitted to state, in substance, that he had made a computation from the books of the defendant; that the sum of $121.50 would be one-half of the amount received for payments by the defendant during October; that the plaintiff had received prior to that time the sum of $336.25; that according to plaintiff's "contention" he was entitled to $121.50, but that according to defendant's "contention" he was only entitled to recover the sum of $60.75 for commissions for the month of October; and that he had been overpaid $90.55, charging him with the amount previously paid him. The issue between the parties is clear, but the testimony is so chaotic that a new trial should be granted, to the end that injustice be not done to either party. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.

KNICKERBOCKER TRUST CO., Respondent, v. O'ROURKE ENGINEERING CONST. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by the Knickerbocker Trust Company against the O'Rourke Engineering Construction Company. L. L. Kellogg, for appellant. H. Barry, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

KNICKERBOCKER TRUST CO., Respondent, v. POST, Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by the Knickerbocker Trust Company against Edwin M. Post. H. G. Gray, for appellant. H. Barry, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

KOELSCH, Respondent, v. BUSHBY, Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by Henry A. Koelsch against James C. Bushby. E. L. Garvin, for appellant. H. Reeves, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

KOELSCH, Appellant, v. RODMAN et al., Respondents. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by Henry A. Koelsch against Bella Rodman and others. L. M. Berkeley, for appellant. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, on Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555. Order filed.

KOELSCH v. RODMAN. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by Henry A. Koelsch against Bella Rodman. No opinion. Motion denied, with $10 costs. Order filed.

KRAUS v. WEINBLATT. (Supreme Court, Appellate Term. June 6, 1907.) Appeal from Municipal Court, Borough of Manhattan, Fourth District. Action by Isifore Kraus against Charles Weinblatt. From a judgment in favor of defendant, plaintiff appeals. Reversed. Hyman Pouker, for appellant. Charles Weinblatt, pro se.

FITZGERALD, J. The complaint states a cause of action for money had and received, and the answer is a general denial. The amount claimed was $120. Upon the trial the defendant was permitted to amend the answer by setting up a tender of $56 before suit and a denial as to the balance of the claim. According to the