---

## JONES v. CALVERT et al.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

1. LIS PENDENS (§§ 15, 20*)—CANCELLATION.

Under Code Civ. Proc. § 1670, authorizing plaintiff, in an action for a judgment affecting the title to, or the possession, use, or enjoyment of, real property, to file a lis pendens, a plaintiff, in an action to enforce a mere personal obligation, may not file a lis pendens, unless the claim is accompanied by a claim of lien affecting real property, and where the filing of a lis pendens is unauthorized the court on motion may strike it.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 24, 33; Dec. Dig. §§ 15, 20.*]

2. LIS PENDENS (§ 15*)—RIGHT TO FILE.

Where the complaint states a cause of action affecting the title to, or the use, possession, or enjoyment of, real property, and demands a judgment affecting such title, use, possession, or enjoyment, the court, in determining the right of plaintiff to file a lis pendens under Code Civ. Proc. § 1670, may not look to see whether the cause of action set forth in the complaint is one in which such a judgment can be granted; it being enough that it is asked.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

3. LIS PENDENS (§ 15*)—RIGHT TO FILE.

A complaint alleging that plaintiff assumed an obligation evidenced by a bond secured by a mortgage on real estate for the benefit of defendant, who undertook to indemnify plaintiff on account thereof, and that defendant has neglected so to do, without making any claim of title to or interest in the real estate described, nor averring any defect or invalidity in the mortgage accompanying the assumption of debt, and praying that defendant be compelled to make good its undertaking, neither states a cause of action nor demands a judgment affecting title to real property, or the use, possession, or enjoyment thereof, and plaintiff may not file a lis pendens, under Code Civ. Proc. § 1670.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Action by Lorena Ridgely Jones against George H. Calvert and another, as ancillary receivers, and others.   From an order conditionally granting a motion to cancel a lis pendens, and from an order denying a motion for a reargument, the ancillary receivers appeal.   Order on motion to cancel lis pendens modified and affirmed, and appeal from order denying motion for reargument dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, Mc-LAUGHLIN, and DOWLING, JJ.

William M. Chadbourne, for appellants.
Holmes Jones, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, P. J. The action is brought to relieve the plaintiff from liability under a certain contract which she entered into for the sole benefit, advantage, and profit of the Armenia Insurance Company, and without any consideration to her, wherein she agreed to pay the sum of $10,000, and also agreed to purchase a certain building, located at No. 80 William street, in the city of New York, and to pay therefor $65,000 in cash, and to give her mortgage covering the property, accompanied by her bond, and take title thereto subject to two prior existing mortgages, aggregating $161,000. In pursuance of that contract the plaintiff purchased the said premises. Various sums of money which she had obligated herself to pay were paid by money furnished by the insurance company. She received a deed of the real property, and gave her bond, by which she covenanted to pay the grantors the sum of $161,000, and executed a mortgage to secure the said bond, which was delivered to the grantors. Plaintiff subsequently, at the request of the insurance company, conveyed the property to a corporation organized as a holding company, in which the insurance company owned all the stock, and all of the consideration received by the plaintiff for such conveyance was transferred to the insurance company. The plaintiff has demanded from the insurance company that it execute proper and sufficient instruments and obligations assuming payment of this mortgage, and that it secure from the holders of the obligations of the plaintiff the bond, instruments, and documents signed by the plaintiff and return the same to her. The Armenia Insurance Company is alleged to be in a precarious financial condition, and the only adequate and reasonable protection which can be given the plaintiff is that the defendants pay the obligation of $161,000, or deposit a sufficient sum, of at least $100,000, in court to be applied upon such mortgage as the installments therefor mature, and that if at any time the said defendants default in paying interest, taxes, etc., on said property a receiver be at once appointed to receive the rents, incomes, and profits thereof, and use the same as this court shall direct.

It is alleged that plaintiff has no adequate remedy at law, for the reason that her damage has not been liquidated, and that by the time such damage is ascertained the said insurance company will become wholly insolvent, and unless the plaintiff has early and speedy relief the condition of the Armenia Insurance Company may become so involved that no relief can be granted this plaintiff. Upon these facts the judgment that the plaintiff asks for is, first, that the Armenia Insurance Company be required to obligate itself by sufficient instruments in writing holding the plaintiff harmless on account of the said bond and mortgage of $161,000; second, that the Armenia Insurance Company, of Pittsburg, Pa., be required to pay into court the sum of $161,000, or such sum as may be found necessary to protect the plaintiff and to enable her to meet her obligations to the defendant executors, who are the holders of the bond and mortgage; third, for the appointment of a receiver of the mortgaged premises, and the receiver to be especially required to keep said building insured against loss or damage by fire; fourth, that a decree may be entered declaring the defendant the Armenia Insurance Company and the holding company

severally liable for the payment of the said mortgage of $161,000, and that the plaintiff be decreed to be only secondarily liable on said mortgage, and for such other and further relief as may be just and equitable.

When this complaint was filed, the plaintiff filed a notice of pendency of the action. In such notice it is stated that the action was for the purpose of having it decreed that the defendant is a corporation, and is primarily liable for this mortgage, and requiring the insurance company to pay into court $161,000, to be applied upon such mortgage as the same shall mature, and for the appointment of a receiver of said premises, to operate and maintain the said building thereupon. It is then alleged that "the mortgaged premises affected by the said foreclosure were, at the time of the commencement of this action, and at the time of the filing of this notice, situated in the borough of Manhattan, county of New York," and are described by metes and bounds. Since the commencement of this action the Armenia Insurance Company has consolidated with another company under the name of the Guardian Fire Insurance Company. The appellants are ancillary receivers of the consolidated Company, and moved to vacate this lis pendens, which motion was granted, but upon terms which virtually amounted to a denial, and the receivers appeal.

By section 1670 of the Code of Civil Procedure it is provided that "in an action brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property" the plaintiff may file in the clerk's office a notice of the pendency of the action. The only authority given by the Code of Civil Procedure for the filing of the notice of pendency of action is in an action brought to recover a judgment affecting the "title to or the possession, use or enjoyment of real property." If an action is not brought for that purpose, a notice of the pendency of the action would be clearly unauthorized. Thus an action to enforce a mere personal obligation, unless it was accompanied by a claim of lien of some kind which affected real property, would be clearly unauthorized by the Code, and certainly the court would have power to strike out such an unauthorized notice of pendency of action from the files. The question that must always be presented in an action of this kind is whether the complaint states a cause of action affecting the title to real property, or the use, possession, or enjoyment thereof. If it does, and the complaint demands any judgment affecting the title to, or the use, possession, or enjoyment of, real property, then the court cannot look to see whether the cause of action set forth in the complaint is one in which such a judgment can be granted. It is sufficient if such a judgment is asked for. Schomaker v. Michaels, 189 N. Y. 65, 81 N. E. 555.

It is evident that none of the relief asked for in the complaint as it stands will affect the "title to or the possession or enjoyment of real property." Nothing is asked except a judgment in personam against the Armenia Fire Insurance Company. The prayer for a receiver is merely incidental to the main relief. The plaintiff, however, insists, and not without reason, that she is not limited to the relief specifically asked for in the complaint, but may be awarded any relief which she

may appear to be entitled to, and that, if the allegations of the complaint would justify any judgment in her favor affecting the title to or the possession or enjoyment of real property, the lis pendens should remain undisturbed.　So much may be admitted, and yet the lis pendens be canceled.　The plaintiff's complaint is that she has assumed an obligation of $161,000 for the benefit of the Armenia Insurance Company; that said company undertook to indemnify and save her harmless on account thereof, and has neglected to do so.　The purpose of the action is to compel the Armenia Company, or its successor in interest, to make good this undertaking.　No claim is made of any title to or interest in the real estate described in the complaint, nor is any defect or invalidity asserted in the mortgage which accompanied plaintiff's assumption of debt.　The facts suggest no judgment that can appropriately be rendered, and certainly none is asked for, which can in any manner or to any extent affect the title to or the possession or enjoyment of real estate.

The motion should therefore have been granted unconditionally, and the order appealed from is therefore modified, by striking out all that follows after the words, "Ordered that said motion be and the same hereby is granted," and, as so modified, is affirmed, with costs and disbursements to the appellants.　The appeal from the order denying a motion for reargument is dismissed, without costs.　All concur.