(156 App. Div. 208.)

KAUFFMAN et al. v. SIMIS et al.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

LIS PENDENS (§ 20*)—ACTIONS SUBJECT TO.

An action by attorneys to recover agreed cash compensation for services in an action brought by them to specifically perform a contract to retransfer land and to cancel mortgages thereon was not an action affecting title to, or possession, use, and enjoyment of, land or any interest therein; and hence it was error to deny defendants' motion to cancel of record notices of lis pendens filed by plaintiffs.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 33; Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

Action by Leon Kauffman and another against Ada Louise Simis and others. From an order refusing to cancel of record notices of lis pendens in an action to foreclose an attorney's lien, the named defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Jas. S. Darcy, of New York City, for appellant.
Leon Kauffman, of New York City, for respondents.

DOWLING, J. This is an appeal from an order denying a motion to cancel and discharge of record a notice of pendency of action filed in the office of the clerk of the county of New York, on the ground that the action is not brought to recover a judgment affecting a title to, and the possession, use, and enjoyment of, real property or any interest therein.

The action is brought by the plaintiffs as attorneys for William Simis, they having been retained to commence an action on his behalf against Ada L. Simis, his wife, Thomas Pepper, and George T. Soper, for the specific performance of an alleged agreement by the wife to retransfer to Simis certain undescribed real property in the city of New York, and also to cancel of record certain mortgages made by the said wife in favor of the defendants Pepper and Soper, on the ground that they were fraudulent. Such an action was duly brought by plaintiffs on behalf of said William Simis, and they allege that they entered into an agreement with him in writing whereby he agreed, in the event of its settlement out of court, that he would pay them a cash fee of $7,500 for their services and disbursements as his attorneys in said action. Notice is alleged to have been given verbally and in writing to the attorney for said defendants of the existence of such agreement. It is further alleged that, as a result of conferences between said William Simis and the attorney and counsel for the defendants, a settlement was reached by which Simis received a sum of money amounting to at least $2,000 in addition to an agreement to pay him $40 a week for his lifetime, in return for which Simis was to do all things necessary to procure a dismissal of his action. This agreement of settlement is charged to have been secret and collusive as to the plaintiffs, and to have been made to deprive them of their

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

compensation for their services as attorneys for the said William Simis in the action of Simis v. Simis et al.

While the plaintiffs demand judgment that their lien may be ascertained and foreclosed, and that they be adjudged to have a valid and enforceable lien upon certain real property therein specified, it is apparent from an examination of the complaint that the plaintiffs never had a lien upon the real property in question, that their complaint fails to set forth any cause of action by which a lien was created or established, and that the sole cause of action set forth is one to recover the sum of $7,500 in cash, which never became a charge or lien in any way upon any real estate whatever. The respondents undertake to justify their position by asserting that:

"In determining a motion to cancel a notice of lis pendens, the court should be guided solely by the nature of the demand for judgment."

As authority for this they cite among other cases the opinion of this court in Jones v. Armenia Insurance Company, 136 App. Div. 453, 121 N. Y. Supp. 126. This opinion is ingenuously quoted as follows:

"If * * * the complaint demands a judgment affecting the title to, or the use, possession, or enjoyment of, real property, then the court cannot look to see whether the cause of action set forth in the complaint is one in which such a judgment can be granted. It is sufficient if such a judgment is asked for. Schomacker v. Michaels, 189 N. Y. 65 [81 N. E. 555]."

What was really said in that case is as follows:

"The question that must always be presented in an action of this kind is whether the complaint states a cause of action affecting the title to real property, or the use, possession, or enjoyment thereof. If *it does and* the complaint demands a judgment affecting the title to, or the use, possession, or enjoyment of, real property, then the court cannot look to see whether the cause of action set forth in the complaint is one in which such a judgment can be granted. It is sufficient if such a judgment is asked for."

We trust that the distortion of the plain language of this opinion was not deliberate upon the part of the counsel from whose brief we have just quoted, but we are unable to perceive any reasonable theory upon which it can be explained. The complaint herein not stating a cause of action affecting a title to real property, or the use, possession, or enjoyment thereof, and the prayer for relief having no relevancy to any fact set forth in the complaint, there was no justification for the filing of the notice of pendency of action, and the motion to vacate the same should have been granted.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to cancel and discharge of record the notice of pendency heretofore filed herein will be granted, with $10 costs. All concur.