J. HENRY SMALL REALTY CO. v. STRAUSS et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. LIS PENDENS (§ 3*)—ACTIONS AFFECTING TITLE TO OR USE OF REAL ESTATE —STATUTES.

An action to enforce specific performance of a contract to erect buildings on land sold by plaintiff to defendant for the use of codefendants, and to impress a lien on the land for the unpaid price, and for a decree directing defendant to deliver to plaintiff a mortgage provided for in the contract, is one to recover a judgment affecting title to or the possession, use, or enjoyment of real property within the lis pendens statute (Code Civ. Proc. § 1670).

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 3–8; Dec. Dig. § 3.*]

2. LIS PENDENS (§ 15*)—RIGHT TO FILE—STATUTORY PROVISIONS—QUESTION FOR COURT.

The court, in determining the right to file a lis pendens, will not ascertain whether the action is well brought.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

Appeal from Special Term, Kings County.

Action by the J. Henry Small Realty Company against Barnett Strauss and others. From an order discharging and canceling of record a lis pendens, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George E. Miner, of New York City, for appellant.

Louis J. Moss, of Brooklyn, for respondents Strauss and the Webster Development Co., Inc.

George C. Woolf, of New York City, for respondent Palatinsky.

PER CURIAM. [1, 2] This is an appeal from an order of the Special Term, discharging and canceling of record a lis pendens. The action is to enforce specific performance of a contract to erect certain specified and prescribed buildings on land sold by the plaintiff to the defendant corporation, which holds the land for the use and benefit of the other defendants, to impress a lien thereon for the unpaid purchase price, and for a decree that the defendant execute and deliver a mortgage to plaintiff, provided for in the said contract. We think that the action may be described as one to recover a judgment affecting the title to or the possession, use, or enjoyment of real property within the purview of section 1670 of the Code of Civil Procedure. Bachman v. Wagner, 16 N. Y. Supp. 67. And see Lawrence v. Saratoga Lake R. Co., 36 Hun, 467. In determination of the right to file a lis pendens, the court will not seek to see whether the action is well brought. Jones v. Armenia Ins. Co., 136 App. Div. 453, 121 N. Y. Supp. 126; Brox v. Riker, 56 App. Div. 388, 391, 67 N. Y. Supp. 772; Lindheim & Co. v. Central Nat. Realty & Construction Co., 111 App. Div. 275, 97 N. Y. Supp. 619.

The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.