MILLER v. HERZOG et al.

(Supreme Court, Special Term, New York County.  August 3, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§§ 423, 439*)—TRUSTS (§§ 250, 257*)—CON-
   TRACTS OF—LIABILITY OF ESTATE.

   Where a debt for the benefit of trust estate is contracted by an executor
   and trustee and the executor and trustee is insolvent, the debtor may
   maintain an equitable action in rem against the trust estate, making the
   executor and trustee, as well as the cestui que trust, parties.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 1660, 1660½, 1765, 1766, 1770, 1771, 1774, 1786; Dec. Dig. §§ 423,
   439;* Trusts, Cent. Dig. §§ 356, 360, 363–368; Dec. Dig. §§ 250, 257:*]

2. LIS PENDENS (§ 4*)—NOTICE—FILING.

   In an action to impress real property held in trust with a lien for
   work, labor, and materials furnished for the protection of the trust es-
   tate, at the request of the executors and trustees of the testator, who
   created the trust, on the ground that the executors and trustees were in-
   solvent, plaintiff may, under Code Civ. Proc. § 1670, providing that no-
   tice of the pendency of an action may be filed where it affects title to
   or the possession, or use of real property, file notice of pendency of ac-
   tion; the action being one affecting the trust real property.

   [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 9–11; Dec.
   Dig. § 4.*]

Action by Harry Miller against Solomon Herzog and others.  On
motion to cancel an amended notice of pendency of action.  Motion
denied.

Jacob Pawel, of New York City (Joseph P. Joachimson, of New
York City, of counsel), for the motion.
Jacob M. Mandelbaum, of New York City, opposed.

GIEGERICH, J.  [1, 2] The defendants seek by this motion to
vacate the amended notice of pendency of action upon the ground that
this is not a proper action in which to file the same.  Section 1670 of
the Code of Civil Procedure provides that a notice of the pendency
of the action may be filed "in an action brought to recover a judg-
ment affecting the title to, or the possession, use, or enjoyment of
real property."  The amended complaint alleges that after the death
of the testatrix the plaintiff, at the special instance and request of
the defendants, who are the executors and trustees under her will,
performed certain work, labor, and services and furnished materials
for the protection of the trust estate, and more particularly in con-
nection with the real property in suit of the reasonable and agreed
value of $625, and that no part thereof has been paid, that the ex-
ecutors and trustees, individually, are insolvent, and that the plaintiff
has no recourse for his payment of his claim except by the sale of
the trust real property.  The prayer in the amended complaint de-
mands that the title of the real property which is the subject-matter
of this suit and which is in the hands of the executors and trustees,
be impressed with a lien.  It is well settled that where a debt is con-
tracted by an executor or trustee after the testator's death and the ex-

ecutor or trustee is insolvent, the creditor may maintain an equitable action in rem against the trust estate, provided, however, that the executors and trustees and the cestui que trust are made parties to such an action. Willis v. Sharp, 115 N. Y. 396, 399, 22 N. E. 149, 5 L. R. A. 636; O'Brien v. Jackson, 167 N. Y. 31, 33, 60 N. E. 238. The rule governing the right to file a lis pendens is stated by the court in Jones v. Armenia Insurance Co., 136 App. Div. 453, 456, 121 N. Y. Supp. 126, 128:

"The question that must always be presented in an action of this kind is whether the complaint states a cause of action affecting the title to real property or the use, possession, or enjoyment thereof. If it does, and the complaint demands a judgment affecting the title to or the use, possession or enjoyment of real property, then the court cannot look to see whether the cause of action set forth in the complaint is one in which such a judgment can be granted; it is sufficient if such a judgment is asked for. Schomacker v. Michaels, 189 N. Y. 65, 81 N. E. 555."

Tested by this rule, the filing of the amended notice of pendency of action was clearly authorized, for both the amended complaint and the demand for judgment are of the character indicated in the language just quoted.

Motion denied with $10 costs.