Action by a third party beneficiary for the specific performance of an agreement made by the defendant with the Federal Housing Administration. Order granting defendant’s motion to cancel a lis pendens reversed on the law, with $10 costs and disbursements, and the motion denied, without costs and without prejudice to defendant moving to give an undertaking in respect thereto. .The plaintiff, as a claimed third party beneficiary of a public contract (Seaver V. Bansom, 224 N. Y. 233, 238), has an equitable right to seek specific performance in his status as a potential tenant. (Crolcer v. New York Trust Co., 245 *981 N. Y. 17; 220 East 56th, Street Corp. v. Excelsior Savings Bank, 253 App. Div. 345.) The complaint clearly shows that the action relates to the “ possession, use, or enjoyment of real property ” and is, therefore, the proper subject of the filing of a lis pendens. The notice itself contains “ a brief description of the property 0 00 6 affected thereby ” (Civ. Prac. Act, § 120). It is sufficient in this respect if it enables proper indexing against the proper section and block numbers. (8 Carmody on New York Pleading and Practice, § 57.) On a motion to cancel a lis pendens the complaint may not be analyzed for the purpose of determining whether plaintiff will succeed on the trial. It is sufficient if it discloses that the action is one which “ affects the title to property ”, and that question is “an entirely different one from whether the plaintiff can succeed in the action.” (Schomacker v. Michaels, 189 N. Y. 61, 65; 8 Carmody on New York Pleading and Practice, § 63; Small Realty Co. V. Strauss, 162 App. Div. 658, 659.) Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.