MARY E. MAURER, Respondent, *v.* SAMUEL FRIEDMAN et al., Appellants.

Real property — conveyance with reservation of damages resulting from construction of an elevated railroad — when reservation personal to first grantees and not binding upon subsequent purchasers.

Plaintiff, during the pendency of an action brought by her to recover damages resulting from the construction of an elevated railroad, conveyed the premises affected thereby, reserving to herself by the deed and a contract accompanying it, the right of action for such damages, the vendees agreeing to execute any release which might be required and to procure from their vendees a like agreement; it was further provided that "this agreement shall not be construed in any manner as a lien or incumbrance or binding or affecting said described premises." Both the deed and contract were recorded. Through mesne conveyances defendants became the owners of the premises by a full covenant deed, without any reservation or mention of the agreement with the plaintiff. On recovery from the railroad company by plaintiff of the damages reserved, defendants refused to execute a release; thereupon this action was brought to compel the execution of such release or, on defendants' failure to do so, to have the amount of plaintiff's recovery

declared a lien on the premises. *Held*, that the covenants contained in the deed and in the contract were personal to parties executing them or taking title subject thereto, and that inasmuch as the defendants purchased under a full covenant deed without the reservation alluded to in the contract, the covenants cannot now be enforced against them.
*Maurer* v. *Friedman*, 125 App. Div. 754, reversed.

(Argued December 2, 1909 ; decided January 11, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 8, 1908, which reversed a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Delos Kneeland* and *George W. Files* for appellants. The clause, " But this agreement shall not be construed in any manner as a lien or incumbrance or binding or affecting said described premises," is a bar to this action. (*Cornell* v. *Todd*, 2 Den. 133 ; *Hills* v. *Miller*, 3 Paige, 254 ; *Craig* v. *Wells*, 11 N. Y. 315 ; Pingrey on Real Prop. § 1431 ; *Estabrook* v. *Smith*, 6 Gray, 572 ; *Ayer* v. *Brick Co.*, 157 Mass. 57 ; *Ousby* v. *Jones*, 73 N. Y. 621 ; *Grafton* v. *Moir*, 130 N. Y. 465 ; *Wells* v. *Garbutt*, 132 N. Y. 430 ; *Blackman* v. *Striker*, 142 N. Y. 555.)

*L. M. Berkeley* for respondent. The reservation agreement vested in the plaintiff the equitable title to the fee damages. (*W. U. T. Co.* v. *Shepard*, 169 N. Y. 170 ; *Freund* v. *Biel*, 114 App. Div. 400.) The plaintiff's title to the damages was not divested by the clause at the end of the reservation agreement. (*Tucker* v. *Meeks*, 2 Sweeney, 748 ; 52 N. Y. 638 ; 2 Black. Com. 381 ; *Rouse* v. *C., etc., Co.*, 59 Hun, 83 ; *Munn* v. *Worrall*, 53 N. Y. 44 ; *Robinson* v. *Ins. Co.*, 27 N. J. L. 141.)

HAIGHT, J. The order of the reversal by the Appellate Division entered in this action recites that it was reversed

upon questions of fact and of law. There is, however, no conflict with reference to the facts, and, therefore, the only question open upon which the Appellate Division could reverse was upon the law. The facts are correctly stated in the prevailing opinion below. The plaintiff was the owner of real property abutting on Park avenue, in the city of New York, and she had commenced an action against the railroad company engaged in constructing an elevated railroad on the street in front of her premises for the damages to her easement of light, air and access. While such action was pending she conveyed the premises to Adolf Mandel and Moses Kinzler, by a deed dated October 1st, 1904, duly recorded in the office of the register, which deed contained the following covenant : " Party of the first part (referring to the plaintiff), however, reserves her right of action and demand against the railroad company for damages sustained by her by reason of the operation of the railroad in front of said premises, and parties of second part (referring to the purchasers) agree to sign and execute any and all releases which may be required." Simultaneously with the execution and the delivery of the deed the parties thereto entered into a contract, which was also recorded in the office of the register, which provided as follows :

" Whereas party of first part is about to convey to the parties of second part certain real property situated on the northwest corner of 111th street and Park avenue in the Borough of Manhattan, City of New York, and whereas a deed to said property is about to be delivered, and whereas it is the intention of both the parties hereto that the party of the first part shall reserve and hereby does reserve unto herself all claims and causes of action against the Railroad Company for rental or part and fee or future damages to said property caused by the construction, maintenance and present operation of the said Railroad through said avenue in front of said premises.

" Now, therefore, the parties of the second part hereby covenant and agree with the party of the first part as a part of the consideration of said conveyance to allow and hereby does allow said party of the first part at her own proper cost

and expense however to · bring in the names of parties of second part or their assigns any or all actions or suits at law or in equity or proceedings as well as to continue any present action which may now be pending to recover of said Railroad Company any and all fee future or permanent damages to said property on account thereof and the value of the easements appurtenant to said premises taken and used by said Railroad Company and the depreciation of the value of said premises in consequence of the construction, maintenance and operation of said Railroad in front of said premises as now operated, upon first giving proper and sufficient security by a Surety Company to be approved by party of second part or their assigns to hold them harmless from all claims costs damages and expenses by reason of such action so to be brought.

"Said party of second part further agree that they will execute and procure to be executed any and all necessary releases of said damages and any and all necessary conveyances of the said easements to wit: to operate said Road as now operated that they may hereafter be presented to them for execution by the party of first part her heirs or assigns whether said claims are settled after action or by compromise.

"Said party of second part further agree that in case they shall hereafter sell the said premises they will procure from their vendees an agreement assuming the obligations of parties of second part hereunder and upon procuring such agreement they are hereby absolved and released from this agreement, and upon a resale of said premises by any subsequent owner upon his obtaining from his grantees an assumption of this agreement then in that event such subsequent owner or owners shall be absolved from this agreement — but this agreement shall not be construed in any manner as a lien or incumbrance or binding or affecting said described premises.

"Said parties further agree and covenant that this agreement shall apply and be binding upon the heirs executors and administrators and assigns of each of said parties."

Subsequently Adolf Mandel and Moses Kinzler conveyed

the premises to two other individuals, and in the deed the
conveyance was stated to be subject to the plaintiff's right of
action against the railroad company for damages sustained by
reason of the operation of the railroad in front of the prem-
ises, and that the grantees would execute any and all releases
which might be required. These grantees in turn conveyed
the premises to three individuals, in which it was stated to be
subject to the rights of any prior owner or grantor of the
aforesaid premises to action and demands for damages against
any railroad company and subject to any and all agreements
in that regard heretofore made, which agreements the parties
of the second part hereby agree to assume and perform, the
agreement being referred to and identified as to date and place
of record made by plaintiff with her first grantees. Subse-
quently one of the grantees conveyed the premises to the
other two and thereupon they conveyed the premises to the
defendants by full covenant deed without any reservations or
mention of the agreement with the plaintiff. At the time of
the conveyance to the defendants all the prior deeds had been
duly recorded, together with the contract made with the
plaintiff, but no *lis pendens* had been filed by her, and the
defendants had no notice of the reservations of the plaintiff's
rights other than the constructive notice flowing from the
record.

Subsequently the plaintiff's action against the railroad com-
pany terminated in the usual judgment, fixing the fee damages
at $2,600, and provided that that sum be paid to her by the
railroad company upon the execution and delivery of a proper
release. Thereupon the plaintiff requested the defendants to
execute such release, which they refused to do, claiming that
whatever damages the property had suffered or would suffer
by reason of the erection of the elevated railroad and the
operation thereof, belonged to them. This action was brought
to compel the defendants to execute such release or in the
event of their failure so to do to declare the amount of the
plaintiff's recovery a lien upon the premises and that they be
sold to satisfy the same. The learned trial court dismissed

the plaintiff's complaint, holding that the clause in the agreement " but this agreement shall not be construed in any manner as a lien or incumbrance or binding or affecting said premises," operated to release the premises from any claim on the part of the plaintiff as against the defendants.

Upon the trial Theodore Sattler was sworn as a witness on behalf of the plaintiff, and testified that he was an attorney at law; was the attorney for the plaintiff at the time she sold her property to Mandel and Kinzler; that he acted for her in the transfer and drew the deed; that at that time the contract, which had been drawn by other persons, was altered by the insertion of the clause in the agreement alluded to by the trial court; that the reason that this insertion was made was that the attorney who represented the buyers said that if that deed did not contain this particular phraseology, that they would be unable to raise money on it by a mortgage. This evidence was taken without objection and stands uncontradicted in the case. But we do not deem it necessary to rely upon it, for to our minds the language of the clause itself is so clear and specific as to admit of but one construction — " but this agreement shall not be construed in any manner as a lien or incumbrance or binding or affecting said premises." The premises are expressly relieved from the provision of the contract. How, then, can the plaintiff, in the face of this agreement, have a judgment that her claim is a lien upon the premises and that the owners should execute a release, or that a referee should be appointed to sell and convey the premises? To our minds but one answer can be given to this question, and that is, that it is prevented by the express terms of the agreement. The learned Appellate Division appeared to have entertained the view that this question was settled by the case of *Schomacker* v. *Michaels* (189 N. Y. 61). We do not so understand that case. No such provision as that now under consideration appeared in the prior deeds or in any contract. That case was the review of a motion to cancel *lis pendens*. For the purpose of the motion it was held that the title or possession of real property was involved in which a

party, under the Code of Civil Procedure, was entitled to file a notice of the pendency of the action, and that under the facts disclosed the court had no power to cancel the pendency of the action. CULLEN, Ch. J., writing for the court, concludes with the following statement: "We shall not pursue the discussion further, for we do not intend to decide the questions involved in the case. It is sufficient to say that the plaintiffs' contention is plausible, not destitute of merit, and that it ought to be decided after trial and not be disposed of summarily on an interlocutory application." (p. 66.)

We conclude, therefore, in this case, the covenants contained in the deed and in the contract were personal to parties executing them or taking title subject thereto, and that inasmuch as the defendants purchased under a full covenant deed without the reservation alluded to in the contract, the covenants cannot now be enforced against them.

The order of the Appellate Division should, therefore, be reversed, and the judgment of the trial court affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.