It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the application denied, with $10 costs to the appellant; and, in order to allow a review, the order may state that the denial of the application is upon the law and not in the exercise of discretion. All concur.

---

(161 App. Div. 165)

### DRUCKER v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. EASEMENTS (§ 23*)—RESERVATION—EFFECT.

Easements of light, air, and access appurtenant to realty abutting on a public street, being inseparable from the dominant estate, pass to the grantee upon conveyance, notwithstanding the grantor's attempted reservation; and hence the grantor cannot maintain trespass against a railroad company which impairs such easements by reason of his attempted reservation.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 63; Dec. Dig. § 23.*]

2. EASEMENTS (§ 64*)—RIGHTS OF ACTION—GRANTOR AND GRANTEE.

Where a grantor of land reserved all rights of action for damages for injuries to the easements of light, air, and access appurtenant to the property conveyed, caused by the construction of an elevated railway, such reservation does not give the grantor any right to maintain an equitable action against the railroad company; there being no privity of contract or relation between them, and the only action the grantor is entitled to maintain being one to compel his grantee to hold in trust any moneys which he may recover from the railroad company.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 132, 133; Dec. Dig. § 64.*]

3. EASEMENTS (§ 23*)—SEVERANCE—RIGHT OF ACTION.

Where a grantor of land reserved all rights of action for injury to the easements of light, air, and access appurtenant to the property granted, caused by the construction of an elevated railroad, thus making his grantee a trustee, and the grantee conveyed the property with full covenants of warranty, the second grantee took the property free from any obligation to perform any personal covenants of the original grantee in relation to the easements, and hence cannot be compelled to sue as trustee for the benefit of the grantor or to release to the railroad company any rights appurtenant to the land.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 63; Dec. Dig. § 23.*]

4. EXECUTORS AND ADMINISTRATORS (§ 39*)—INTEREST IN REAL PROPERTY—EASEMENTS.

Where a grantor of land reserved to himself all rights of action for damages to the easements of light, air, and access caused by the construction of an elevated railroad, the covenant, if of any force, reserved an interest in real property which descended to the heirs at law of the grantor and not his personal representative.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 280, 285–294; Dec. Dig. § 39.*]

5. EASEMENTS (§ 64*)—SUBSEQUENT STIPULATION.

The owner of land conveyed it reserving unto himself all rights of action for damages to the easements of light, air, and access by the construction of an elevated railroad. His grantor conveyed the property with no reservation. *Held*, that a stipulation between the second grantee

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the railroad company merely providing for payment in case the gran-tee executed a release in favor of the railroad company did not give the grantor any right of action against the second grantee.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 132, 133; Dec. Dig. § 64.*]

6. APPEAL AND ERROR (§ 843*)—QUESTIONS PRESENTED FOR REVIEW..

In an action by a grantor who reserved all rights of action for dam-ages for injuries to the easements of light, air, and access occasioned by the construction of an elevated railway, no question of whether a subse-quent grantee can be held as a trustee for any amount received from the railroad company is presented where no amount has been paid.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331-3341; Dec. Dig. § 843.*]

Laughlin and Hotchkiss, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Ephraim Drucker against the Manhattan Railway Com-pany and Esther Grodjinski, now known as Esther Davis, and others, revived in the name of Mary Drucker as executrix upon the death of plaintiff. From a judgment dismissing the complaint, plaintiff ap-peals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Roger Foster, of New York City, for appellant.

Isaac E. Bermant, of New York City, for respondents.

INGRAHAM, P. J. The nature of the action and subsequent pro-ceedings in it are stated in the opinion of my Brother LAUGHLIN.

The plaintiff's testator acquired title to the property abutting on Division street on the 29th of May, 1885, and conveyed the premises by a full covenant warranty deed to Zimmermann on the 1st day of June, 1887. By that conveyance the legal title to the property, includ-ing the easements appurtenant to it in Division street, passed to the grantee. On the 29th of May, 1888, Zimmermann conveyed the prop-erty to the defendant Davis by a full covenant warranty deed contain-ing no covenant in relation to these easements, and thereby Davis be-came the owner of the property and the easements appurtenant thereto in Division street. When the plaintiff's testator conveyed this property to Zimmermann, the conveyance contained a clause by which the plain-tiff's testator reserved for himself:

"Any and all claims and causes of action against all the world for any and all losses and damages to himself and to the premises above described on account of the construction and the present and future continuance of the elevated railroad structure in Division street and the past and future op-eration of the same and reserves to himself the easement now occupied and invaded by the said elevated railroad and the operation of the same."

When Davis purchased the property, however, she did not assume the performance of that covenant or consent to such a reservation. Neither Zimmermann nor the grantee, Davis, undertook to prosecute any action to recover any damages sustained by the plaintiff's testator by reason of the construction of the elevated railroad in Division street, nor did they agree to pay to the plaintiff's testator any amount that

they should receive as compensation for the encroachment by the railroad company upon the easements appurtenant to the premises. No obligation rested upon Davis to either pay to the plaintiff's testator any damages that she should recover, nor to constitute herself a trustee for the plaintiff's testator in relation to such damages or compensation for a conveyance of the easements. What the plaintiff's testator sought to do was to sever the easements from the property to which they were appurtenant and retain title to such easements notwithstanding his conveyance of the property to which they were appurtenant. If the conveyance was ineffective for such a purpose, I cannot see that the plaintiff's testator had any right in an action in equity to restrain the railroad company from continuing the trespass, for in such a case the easements would have vested in the plaintiff's testator's grantee, and such grantee only could sue for a future trespass upon the easements or apply to a court of equity to restrain a continuing trespass.

The plaintiff's testator having thus parted with title to the property, he commenced an action against the defendant on the 22d of November, 1888, after the conveyance by Zimmermann to the defendant Davis. Before this action came on for trial and on the 21st of July, 1910, the plaintiff's testator died, and on May 22, 1911, the action was revived, and the plaintiff as his executrix was substituted as the plaintiff in the action.

[1, 2] The first question presented is whether the plaintiff's testator ever had a cause of action to restrain the continuing trespass of the defendant and that would depend upon the question of whether or not the covenant in the deed of the plaintiff's testator to Zimmermann was effective to reserve to the plaintiff's testator any title to or interest in the easements appurtenant to the property that was conveyed to Zimmermann. It is conceded, as I understand it, that the covenants in the deed conveying the property from the plaintiff's testator to Zimmermann was ineffective for such a purpose, and that seems to be the settled law of this state. See McKenna v. Brooklyn El. R. Co., 184 N. Y. 391, 77 N. E. 615; Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115. In McKenna v. Brooklyn El. R. Co., supra, Judge Werner, in delivering the opinion of the court, said:

"Easements of light, air, and access, appurtenant to real property abutting upon a public street or highway, are inseparable from the dominant estate, and upon a conveyance of the latter such easements pass to the grantee, notwithstanding the grantor's attempted reservation of the same, or of any rights of action for the invasion or destruction thereof."

And it was further held that the only person who could sue for damages thus caused or could execute a release in satisfaction thereof was the owner of the premises as to which such easements were appurtenant, and a person or corporation invading or destroying such easements has the right to obtain a release from the owner of the dominant estate who alone is legally entitled to the resulting damage. If notwithstanding this reservation in the deed from the plaintiff's testator to Zimmermann the title to the easements and the right to enforce a trespass thereon passed to Zimmermann, then it would seem to fol-

low that the plaintiff could not maintain an action to either enjoin a
continuing trespass or to recover damages for any trespass by the rail-
road company after the execution and delivery of the conveyance;
and, as this action was commenced after the execution and delivery of
this deed, it would seem to follow that the plaintiff had no cause of
action. I think it further settled that the plaintiff's testator could not
at that time have commenced any action against the railroad company.
In McKenna v. Brooklyn El. R. Co., supra, Judge Werner also said:

"There is absolutely no privity of contract or relation between them. The
plaintiff's equitable remedy is against her grantee alone, who is impressed into
the relation of trustee as to the fund, merely to prevent such wrongs and
hardships as might be inseparable from an inadequate legal remedy."

See, also, Pegram v. N. Y. El. R. Co., 147 N. Y. 135, 41 N. E. 424.

[3] It is quite probable that the plaintiff had a cause of action to
recover for the damages which had accrued up to the time of the con-
veyance, but that was a cause of action against the railroad company
as a trespasser and in which neither the plaintiff's testator's grantee nor
Zimmermann's grantee were at all interested. We may assume that
by virtue of the attempted reservation a resulting trust was created
by virtue of which Zimmermann, the grantee, became a trustee for his
grantor as to all moneys received by him or which he should recover
for the invasion or destruction of such easements; but Zimmermann
never attempted to enforce any such claim against the railroad com-
pany, and, when he conveyed the property to the defendant Davis, he,
by a full covenant warranty deed, conveyed the property absolutely
free and clear of any engagement with the plaintiff's testator, and
whatever obligation existed was not assumed by Davis. Davis thereby
became the owner of the property which included the easements in
Division street and, as I understand the authorities, took it free from
any obligation to perform any personal covenants of Zimmermann in
relation to these easements. Davis never undertook to act as trustee
for the plaintiff's testator; never obligated herself to sue to enforce
the plaintiff's testator's right to any damage sustained in consequence
of the destruction or impairment of the easements; and certainly nev-
er undertook to execute and convey to the railroad company a release
or conveyance of her interest in the street which had been appropriated
or affected by the construction or operation of the railroad. As be-
fore stated, neither Zimmermann nor Davis ever attempted to recover
the damages sustained by the appropriation of the easements, and
neither have received from the railroad company or from anybody else
any sum of money on account of the construction or operation of this
railroad in the street. There is nothing, therefore, to which a result-
ing trust could apply. Certainly the railroad company could not be
compelled to pay to the plaintiff or any one else any sum of money
either for damages sustained by the abutting property after the plain-
tiff's testator conveyed it or as a condition for executing a conveyance
of the interest in the street which was appurtenant to the abutting
property without a release or conveyance from the owner of the fee
of the abutting property. It is clear that the defendant Davis has
never obligated herself to grant such a release or conveyance, and the

court could not by decree compel her to make such a release or conveyance, so neither at the time the action was commenced nor at any time since could the court give to the plaintiff any relief either as against the railroad company or as against the defendant Davis.

[4] Nor do I think that whatever cause of action or right the plaintiff's testator had passed to his executrix upon his death. If this covenant in the deed to Zimmermann had any force at all, it was an interest in real property that would descend to the devisees or heirs at law of the plaintiff's testator. It might be that as between the plaintiff's testator and Zimmermann an attempt to enforce this trust would be in the nature of a chose in action which would pass to the personal representatives of the deceased; but as no trust existed as between the plaintiff's testator and Davis, who had acquired absolute title to the property prior to the commencement of the action, I cannot see that there would be any cause of action existing against either the railroad company or Davis that could pass to the personal representatives of the deceased.

[5] The fact that there had been a stipulation entered into between the railroad company and Davis cannot help the plaintiff. There was nothing in that stipulation which bound the railroad company to pay Davis anything. It was conditioned upon Davis executing a release or conveyance which she has not done and which she is not bound to do and which this court cannot compel her to execute. Maurer v. Friedman, 197 N. Y. 248, 90 N. E. 814; Miller v. Clary, 210 N. Y. 127, 103 N. E. 1114, decided December 30, 1913. Such a stipulation, made long after the action was commenced, cannot given to the plaintiff any right either to recover the amount specified in that stipulation or to charge the defendant Davis as trustee for such an amount.

[6] Nor is the question as to whether or not Davis could be held as trustee for any amounts that she received from the railroad company presented in this action, as no action to impress such a trust could be commenced until Davis had either received the amount from the railroad company for the impairment of the easements, or had obtained a judgment or attempted to enforce such a claim against the railroad company. Such an action could only be commenced after such a trust fund had come into the possession of Davis to which a trust could attach.

Entertaining these views, therefore, I think the court was clearly right in dismissing the complaint as against the defendant Davis, and the judgment appealed from should therefore be affirmed.

McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). This action is, in effect, one to enjoin the operation of the elevated railway on account of its trespassing upon the easements of light, air, and access appurtenant to the premises known as Nos. 29 and 29½ Division street in the borough of Manhattan, New York, and for judgment against the corporate defendants for the accrued damages for depreciation and rental value of the premises, or in the alternative for such damages and the damages to the fee for the permanent appropriation of the easements.

The action was originally brought by Ephraim Drucker, but he died on the 21st day of July, 1910, and on May 22, 1911, his executrix was substituted.

The action was commenced by the service of the summons and complaint on the corporate defendants on the 22d day of November, 1888, and on the defendant Davis, whose name then was Grodjinski, on the 27th day of March, 1889, and on the defendant Zimmermann on the 15th day of April, 1889. Service of the amended complaint on all defendants was completed on the 19th day of July, 1889. Issue was joined by the corporate defendants by the service of an answer to the amended complaint on the 21st day of January, 1890. The defendant Zimmermann defaulted in appearing. The defendant Grodjinski-Davis appeared on the 19th day of June, 1911, and joined final issue by the service of an amended answer to the amended complaint on the 31st of July of the same year.

Drucker, the original plaintiff, acquired title to the premises on the 29th day of May, 1885. He conveyed the premises by a full covenant warranty deed to the defendant Zimmermann on the 1st day of June, 1887; but he attempted to reserve certain rights and interests by inserting a provision in the deed of conveyance as follows:

"The said Ephraim Drucker reserves for himself any and all claim and causes of action against all the world for any and all losses and damages to himself and to the premises above described on account of the construction and the present and future continuance of the elevated railroad structure in Division street and the past and future operation of the same and. reserves to himself the easement now occupied and invaded by the said elevated railroad and the operation of the same."

The elevated railroad was constructed in Division street in front of the premises in question in the year 1879, and has ever since been maintained and operated therein. So far as appears, there has been no payment of or settlement for any damages caused to the easements by the operation of the railroad during the time of Drucker's ownership or since. On the 29th day of May, 1888, Zimmermann conveyed the premises to the defendant Grodjinski-Davis by a full covenant warranty deed containing no assumption by the grantee of any liability or obligation of the grantor by virtue of the provision in the deed from Drucker to Zimmermann herein quoted and no reference thereto.

Plaintiff alleged in the amended complaint that the individual defendants refused to allow the use of their names as parties plaintiff, and refused, after indemnity against costs and expenses was duly offered, to join with the plaintiff in bringing the action, and that the continuance of the maintenance and operation of the railroad would cause the plaintiff irreparable damages for which he had no adequate remedy at law, and that the corporate defendants were insolvent, and that the damages to the rental value of the premises exceeded the sum of $2,-000 per annum. Judgment was demanded that the individual defendants be required "to join in any conveyance or release of said easement, and any damages caused said premises which the court may direct to be made to the corporate defendants as a condition to any relief allowed to plaintiff herein," and against the corporate defendants for $2,000 per annum from June 1, 1885, for damages to the rental

value of the premises, or an injunction perpetually enjoining the maintenance and operation of the railroad, and, as an alternative to the injunction, that the corporate defendants be required to pay the amount determined by the court as the value of the easements and damages to the fee.

On June 30, 1911, a supplemental complaint was served on all of the defendants who had appeared, and on September 30, 1911, an amended supplemental complaint was served on them. The original supplemental complaint is not in the record, but the amended supplemental complaint shows: That the defendant Zimmermann brought no action against the corporate defendants, and that the defendant Davis did not bring any action against them, either for damages or for an injunction on account of the maintenance and operation of said railroad until the month of October, 1910. That, as the result of negotiations between the plaintiff and the corporate defendants, they entered into a stipulation in writing on the 27th day of June, 1911, as follows:

"It is hereby stipulated, that in case it shall be determined that the plaintiff herein is entitled to the rental damages, if any, in respect to the property described in the complaint, for the period subsequent to June 1, 1887, and to fee damages as an alternative to an injunction, that then the amount which the defendants, Manhattan Railway Company and Metropolitan Elevated Railway Company, shall pay in return for a conveyance of the said easement occupied by the elevated railway structure as aforesaid and for said past damages shall be equal to, and not exceed the sum of, seven thousand two hundred fifty dollars ($7,250), which sum shall include costs and counsel fees, it being understood that this fixation of the damages shall only apply in case the plaintiff procures a release by the defendant, Davis, of any and all claims against the defendants, Manhattan Railway Company and Metropolitan Elevated Railway Company, arising from the construction and maintenance of said railway, or a judgment of the court adjudicating that said Davis has no interest in the said damages; and it is further stipulated on behalf of the railway companies that the railway companies shall pay over said sum of money to such persons as may be entitled to the same at any time upon the presentation of a conveyance of the said easement and a release of all past rental damages signed by the plaintiff and by the defendant, Davis. It is understood and agreed by and between the respective parties hereto that the payment of the said sum of seven thousand two hundred and fifty dollars ($7,250) shall be in discharge of all damages, whether rental or fee, to which either the plaintiff herein or the said Davis may be entitled, with the exception of such damage, if any, as may be due to the alterations in the said elevated railway structure incident to the change of grade in Division street, necessitated by the construction of the Manhattan Bridge."

That prior to the execution of said stipulation and during the year 1910, the corporate defendants were willing to settle the litigation and to pay the said sum of $7,250, to whosoever might be entitled thereto upon receiving a conveyance of the easements signed by the plaintiff and by the defendant Grodjinski-Davis, but that she refused to execute a conveyance and release of the easements. That in the month of October, 1910, the defendant Davis, without the knowledge or consent of the plaintiff, began an action against the corporate defendants for damages to the rental value of the premises and for an injunction. That defendant Zimmermann disappeared more than seven years ago and has died. That neither the defendant Zimmermann nor Grodjinski-Davis ever acquired more than a formal title to the easements

and to said damages as trustees, and that they have failed to enforce and have abandoned the trust and neither has any right or title at law or in equity to any part of said damages. That it was the intention of Drucker and Zimmermann that the reservation in the deed should be a covenant running with the land obligating subsequent purchasers to assist Drucker in any litigation that might be instigated for the recovery of damages, or to institute an action in his name and for his benefit to collect the damages to the rental value and to the fee as an alternative to an injunction against the operation and maintenance of the railroad. That unless this action can be maintained plaintiff will lose the rental damages for the period between June 1, 1885, and the year 1905. Judgment is demanded in the amended supplemental complaint in accordance with the stipulation between the plaintiff and the corporate defendants, and directing the defendant Grodjinski-Davis to join in and to execute a release and conveyance of the easement, and requiring the payment of the money to the plaintiff. The corporate defendants jointly answered the amended supplemental complaint and admitted the allegation with respect to the stipulation, but put in issue other material allegations thereof. The defendant Davis answered, putting in issue the material allegations of the amended supplemental complaint.

On the trial it was shown that on the 15th day of December, 1911, a stipulation was entered into between the defendant Davis and the corporate defendants in the action which she had brought against them, to the effect that if it should be finally determined in this action that the plaintiff herein is entitled to no rental damages for the period subsequent to May 31, 1888—practically the date on which the premises were conveyed to defendant Grodjinski-Davis—and is entitled to no fee damages as an alternative to an injunction, that the corporate defendants would pay to the defendant Davis for the conveyance of the easements and the release of damages on account of the maintenance and operation of the railroad the sum of $8,625; and it was expressly stipulated that $1,375 of that amount was for the fee and rental damages caused by the alterations and additions to the elevated structure. The alterations and additions to the elevated railroad structure were made after the conveyance by Drucker. Deducting the amount allowed therefor, in said stipulation, we find that the settlement agreed upon between the corporate defendants and the defendant Davis was, as to the amount, the same, in effect, as that agreed upon between the plaintiff and the corporate defendants. At the close the trial counsel for the corporate defendants stated to the court that his clients were willing to pay the damages specified in the stipulation and to have them apportioned between the parties to this action "in any manner which the court deems proper." The court took no action on that suggestion and made no disposition of the action as against the corporate defendants.

Notwithstanding Drucker's attempt to reserve the easements, they passed to his grantee, and an action for an invasion thereof can only be maintained by the owner of the fee. McKenna v. Brooklyn Union El. R. Co., 184 N. Y. 391, 77 N. E. 615; Western Union Tel. Co. v.

146 N.Y.S.—27

Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115; Shepard v. Manhattan Ry. Co., 72 App. Div. 132, 76 N. Y. Supp. 269. Under the stipulation between the plaintiff and the corporate defendants, it is a condition precedent to the plaintiff's right to recover the stipulated amount for rental and fee damages that a release or conveyance of the easements by the defendant Davis shall be procured and delivered to the railroads. Inasmuch as she did not assume by the conveyance to her any obligation owing by Zimmermann to Drucker, with respect to the claim or cause of action for rental or fee damages, we are impelled by what we deem a controlling precedent to hold that she cannot be compelled to execute a release or conveyance of the easements. Maurer v. Friedman, 197 N. Y. 248, 90 N. E. 814. See, also, Miller v. Clary et al., 210 N. Y. 127, 103 N. E. 1114, decided December 30, 1913. If the corporate defendants had paid the money into court or waived their right to require a release or conveyance of the easements, then the court might award the fund to the party entitled thereto, or apportion it between them if either should not be entitled to all. Although the plaintiff could not maintain an action to enjoin the maintenance and operation of the railroad for the reason that the easements passed with the fee, yet it is quite clear that she would be entitled to recover at law the damages which accrued before Drucker conveyed, and, as against the defendant Davis, to recover also any amount awarded or recovered for subsequent damages to the rental value of the land, and that as to such damages the owner of the fee would hold the same in trust for her. Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555; W. U. Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115; Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067, affirmed 193 N. Y. 662, 87 N. E. 1119. Although damages to the fee that might be awarded or recovered as a substitute for injunctive relief were not specifically reserved by the deed from Drucker to Zimmermann, it may well be argued that it was the intention of the parties that such damages should also be reserved to the grantor. That point, however, is not presented for decision by this appeal, and, inasmuch as the views of the members of the court are not in accord with respect thereto, it is not our intention to express an opinion thereon at this time. As the case is presented by this record, we have no fund in court to award or apportion.

It is contended, in effect, by the learned counsel for the appellant, that the offer of the corporate defendants through their counsel should be regarded as a consent on their part to have the amount awarded or apportioned without requiring the execution of a release or conveyance of the easements. It may be that the corporate defendants would, in the circumstances, be fully protected by the judgment if that were done. This offer, however, was not sufficiently definite to warrant the court, on an appeal to which they are not parties, in construing it as a waiver of the execution of any release or conveyance of the easements. But the issues in the action should be finally determined between all the parties, and, since the learned justice who presided at the trial is no longer on the bench, it becomes necessary to order a new trial.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

HOTCHKISS, J., concurs.