Fuld, J.
(concurring). I disagree with the court’s conclusion
that a special legislative consent is needed before a property owner may sue to recover for the taking of his property by the State or one of its agencies. This State’s Constitution, in unequivocal terms, establishes an owner’s right to “ just compensation ” if his property is acquired for public use and, in effect, mandates that such compensation be paid (N. Y. Const., art. I, § 7, subd. [a]). It is my opinion, therefore — and it reflects the thinking of the high courts of many states with constitutional provisions similar to ours[1] ***S.— that the doctrine of *128 sovereign immunity may not be invoked to defeat a claim for damages based on the State’s taking of private property for public use, in violation of the constitutional guarantee.
Although this would lead me to conclude that no further consent .is required to entitle property owners to sue for a taking of their property and that the one-year time bar in the 1950 consent to suit statute (L. 1950, ch. 301) does not apply to a cause of action grounded on a taking of easements of light and air, I am able to concur in the court’s decision. The asserted interference with the plaintiffs’ property rights here complained of is not unlike the sort of interference which elevated railroad structures occasioned to abutting property owners in bygone days. In those elevated railway cases, as in the case before us, the court was confronted with acts which amounted to, or could be described as, continuing trespasses. Redress was given by way of damages for past injuries — to the extent that they were not barred by the Statute of Limitations applicable to causes of action for trespass—plus damages for anticipated future injuries to the rights of such abutting owners, measured by the diminution in the market value of the property. (See Galway v. Metropolitan El. Ry. Co., 128 N. Y. 132; Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436; American Bank Note Co. v. New York El. R. R. Co., 129 N. Y. 252; Drucker v. Manhattan Ry. Co., 213 N. Y. 543, 549, and cases cited; see, also, Cox v. City of New York, 265 N Y. 411.)
There is no reason why the legal rules formulated in the cases involving the earthibound elevated railway should not be invoked in dealing with airborne craft. (Cf. Friendly, Billyou on Air Law [Book Rev.], 77 Harv. L. Rev. 582, 583.) Based on this analogy, the claims for past injuries sound exclusively in tort and, consequently, that portion of the plaintiffs’ claims is controlled by the one-year Statute of Limitations prescribed by chapter 301 of the Laws of 1950, wholly apart from the ground on which the court reaches that result.
I would but add that the court’s reversal will not prevent proof of the operations of the airport since 1947 insofar as such proof may have a bearing on the nature and extent of the asserted invasion of the plaintiffs’ property rights, reasonably to be anticipated. (Cf. Thomann v. City of Rochester, 256 N. Y. 165, 171.)

. See, e.g., Bacich v. Board of Control, 23 Cal. 2d 343, 346; Board of Cornrs. V. Adler, 69 Col. 290, 291; State Road Dept. of Fla. v. Tharp, 146 Fla. 745, 749; Renninger v. State, 70 Idaho 170, 177; Roe v. County of Cook, 358 Ill. 568, 571; Keck v. Hafley, 237 S. W. 2d 527, 529 [Ky.] ; Bernard v. State, 127 S. 2d 774, 777 [La.] ; State v. Bentley, 216 Minn. 146, 158 et seq.) Chick Springs Water Co. v. State Highway Dept., 159 S. C. 481, 502; see, also, 6 Nichols, Law of Eminent Domain [3d ed; 1964 Supp.], p. 151.
Although our court has not expressly dealt with the subject, our decisions to the effect that the liability to pay for property taken for public use is “ constitutional,” not statutory, actually point in the direction followed by the out-of-state cases cited. (See, e.g., Matter of Clark v. Water Comrs., 148 N. Y. 1, 7-8; Heyward v. City of New York, 7 N. Y. 314, 324; see, also, People v. Supervisors of Westchester, 12 Barb. 446.)